UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES CLARK, <br><br> Petitioner, <br><br> v. <br><br> GLEN E. PRATT, <br><br> Respondent. | Case No. 2:24-cv-06230-FWS-PD <br><br> **ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On July 22, 2024, Petitioner Moses Clark, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that its sole claim for relief is not cognizable on federal habeas review.

**I. Procedural History and Petitioner's Contentions**

    **A.  Trial and Direct Appeal**

In November 2020, Petitioner pleaded no contest in the Los Angeles County Superior Court to one count of domestic violence with great bodily injury. *See Clark v. Shirley*, No. CV 20-11167-JVS-PD (C.D. Cal. filed Dec. 8,

2020) ("*Clark I*"), Dkt. No. 4 at 58-79.[1] He was sentenced to seven years in state prison, consisting of the high term of four years for the domestic-violence count and the low term of three years for inflicting great bodily injury. *Id.* at 78. He appealed, and on February 4, 2022, the California Court of Appeal affirmed. *See People v. Clark*, No. B309944, 2022 WL 336543, at *2 (Cal. Ct. App. Feb. 4, 2022). He sought review in the California Supreme Court, which denied review on April 13, 2022.[2] *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search case no. S273482 (last visited Nov. 6, 2024).

**B. Senate Bill No. 567 and Petitioner's Subsequent Challenges to His Sentence**

When Petitioner was sentenced, California's Determinate Sentencing Law gave trial courts discretion to select from the lower, middle, and upper term sentences without having to find and weigh aggravating or mitigating factors. *See Butler v. Curry*, 528 F.3d 624, 652 n. 20 (9th Cir. 2008). As related above, he was sentenced to the upper-term sentence on the domestic-violence count. *See Clark I*, Dkt. No. 4 at 78. The trial court provided no reasons for imposing the upper-term sentence and, at the time, was not required to do so. *See id.*

---

[1] Petitioner has filed a prior federal habeas petition challenging his 2020 state-court conviction and sentence, *see Clark I*, Dkt. No. 1. The Court takes judicial notice of that petition as well as the relevant documents that were lodged in connection with it, which includes a transcript of Petitioner's no-contest plea. *See Clark I*, Dkt. No. 4 at 58-79; *Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b).

[2] While his direct review was pending, Petitioner filed several unsuccessful collateral attacks concerning his conviction and sentence as well as a request to recall his sentence. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (searches for "Moses" with "Clark" (last visited Nov. 6, 2024); *Clark II*, Dkt. No. 1 at 11-12. None of those filings are relevant to the instant Petition.

1  On January 1, 2022 – before Petitioner's conviction became final –
2  Senate Bill No. 567 amended California's Determinate Sentencing Law to
3  make the middle term "the presumptive sentence for a term of imprisonment
4  unless certain circumstances exist." *People v. Flores*, 73 Cal. App. 5th 1032,
5  1038 (2022) (citations omitted).  Senate Bill No. 567's amendments generally
6  apply retroactively to convictions that were not yet final when it took effect.
7  *See People v. Flores*, 75 Cal. App. 5th 495, 500 (2022).

8  California courts have come to differing conclusions, however, on
9  whether Senate Bill No. 567's amendments to the Determinate Sentencing
10 Law apply retroactively to sentences pursuant to a negotiated plea agreement
11 under which the defendant agreed to the imposition of an upper-term
12 sentence.  *Compare People v. Mitchell*, 83 Cal. App. 5th 1051, 1057-59 (2022)
13 (Senate Bill No. 567's amendments do not apply retroactively to such
14 sentences), *with People v. Todd*, 88 Cal. App. 5th 373, 379-81 (2023) (Senate
15 Bill No. 567's amendments apply retroactively to such sentences).  The
16 California Supreme Court has granted review to resolve this conflict.  *See*
17 *People v. Mitchell*, 520 P.3d 1177 (2022) ; *People v. Todd*, 527 P. 3d 872 (2023).

18 On November 3, 2022, Petitioner filed a petition for writ of mandate in
19 the California Court of Appeal, challenging his upper-term sentence for
20 domestic violence under Senate Bill No. 567.  *See* Cal. App. Cts. Case Info.,
21 http://appellatecases. courtinfo.ca.gov/ (search case no. B324328) (last visited
22 Nov. 6, 2024).  On March 2, 2023, the court of appeal denied the petition
23 "without prejudice to petitioner seeking relief in the trial court if the Supreme
24 Court decides the issue in a manner favorable to petitioner."  *Id.*  On February
25 28, 2024, Petitioner filed a second petition for writ of mandate in the
26 California Court of Appeal, in which he again challenged his upper-term
27 sentence for domestic violence under Senate Bill No. 567.  *See id.* (search case
28 no. B335465).  Citing its March 2, 2023 decision, the court of appeal declined

3

to "revisit the issue at this this time." *Id.* On April 2, 2024, Petitioner filed a petition for writ of mandate in the California Supreme Court, which denied it "without prejudice to any relief to which petitioner might be entitled after this court decides *People v. Mitchell*, S277314." *Id.* (search for case no. S284428). On May 23, 2024, he filed a motion for reconsideration in the California Supreme Court, which refused to file it because his case was "closed" and the order denying his petition for writ of mandate was "final" and therefore not subject to reconsideration. [*See* Dkt. No. 1 at 1, 14.]

### C. The Instant Petition

On July 7, 2024, Petitioner filed the instant Petition. [*See* Dkt. No. 1.] Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following ground for relief: Petitioner is entitled to resentencing under Senate Bill No. 567 because the trial court imposed the upper term sentence on the domestic-violence count without finding any aggravating factors to justify it.[3] [*See* Dkt. No. 1 at 6-8.]

## II. Discussion

### A. Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

---

[3] This claim was not ripe when Petitioner filed his first federal habeas petition because Senate Bill No. 567 did not take effect until long after he filed his first petition and after the Court recommended that it be dismissed with prejudice. *See Brown v. Atchley*, 76 F.4th 862, 865 (9th Cir. 2023) (claim does not become ripe "until the facts that give rise to the constitutional claim first arise").

4

Rule 4 permits courts to dismiss claims "that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (citations omitted). In determining whether dismissal is warranted under Rule 4, "the standard is not whether the claim will ultimately – or even likely – succeed or fail, but rather, whether the petition states a cognizable, non-frivolous claim." *Id.* at 1046.

As explained below, a review of the Petition suggests that it sole claim for relief is not cognizable on federal habeas review.

### B. Failure to State a Cognizable Claim

#### 1. Applicable Law

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for errors in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

#### 2. Analysis

The Petition's sole ground for relief concerns only whether Senate Bill No. 567 requires Petitioner to be resentenced to the middle-term sentence on the domestic-violence count. Because that claim exclusively concerns California law, it does not appear to be cognizable on federal habeas review.

5

*See Halcrombe v. Hixon*, No. 24-cv-00450-RFL (PR), 2024 WL 1221949, at *1 (N.D. Cal. Mar. 20, 2024) ("Whether Halcrombe is entitled to resentencing under Senate Bill 567 is a question of state law and is not cognizable on federal habeas review."); *Castro v. Johnson*, No. CV 23-03353-AB-(RAO), 2023 WL 8143909, at *3 (C.D. Cal. Sept. 29, 2023) (claim that Petitioner was entitled to resentencing under Senate Bill No. 567 among and other state-law provisions was not cognizable on federal habeas review), *accepted by* 2024 WL 130149 (C.D. Cal. Jan. 10, 2024); *Malone v. Gastelo*, No. CV 21-04335 JLS (RAO), 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022) (same), *accepted by* 2022 WL 15173364 (C.D. Cal. Oct. 25, 2022); *Hernandez v. Koenig*, No. 5:21-cv-01732-DSF-JC, 2022 WL 3691673, at *4 (C.D. Cal. July 7, 2022) (denying motion to stay petition to allow petitioner to exhaust claim based on Senate Bill No. 567 because claim was not cognizable on federal habeas review), *accepted by* 2022 WL 3684585 (C.D. Cal. Aug. 25, 2022), *appeal filed*, No. 22-55845 (9th Cir. Sept. 15, 2022).[4]

Moreover, Petitioner cites no constitutional underpinning to the Petition's sole claim for relief. And even if he had, that alone would not transform his state-law claim into a cognizable federal one. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by making general appeal to constitutional guarantee); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504,

---

[4] Because Petitioner raised the Petition's sole claim for relief in a state-court petition for writ of mandate, it may be unexhausted. *See Whitaker v. Swarthout*, No. 2:14-cv-0947-MCE-KJN-P, 2015 WL 6437649, at *8 (E.D. Cal. Oct. 21, 2015) (petition for writ of mandate filed in the California Supreme Court does not exhaust state court remedies; collecting cases). The Court need not resolve this issue because the Petition's sole claim for relief appears to be not cognizable and, therefore, may be dismissed on its merits regardless of whether it is exhausted. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

507 (9th Cir. 1994) (habeas petitioner's mere reference to Due Process Clause was insufficient to render his claims viable under 14th Amendment).

In any event, it does not appear that Petitioner can show the failure to resentence him under Senate Bill No. 567 resulted in fundamentally unfairness. *See Christian v. Rhode*, 41 F.3d 461, 469. When he entered his plea agreement, he was facing the possibility of life in prison and, instead, received a sentence of seven years, even though he had been charged with five criminal counts involving domestic violence and had two prior convictions that were alleged to have been serious felonies under California's Three Strikes Law. *See Clark I*, Dkt. No. 4 at 40, 50, 59-60. Moreover, the sentence that he received was the one that he, himself negotiated and the one to which he agreed before entering his no contest plea.[5] *See id*. at 3-4, 38-45, 55-62. What's more, the record shows that he knowingly and voluntarily entered his no-contest plea and agreed to the seven-year sentence, *see id*. at 65 (Petitioner acknowledging that he plea was "free[] and voluntary[y]"), 68 (trial court finding that Petitioner "freely and voluntarily entered his plea"), and he does not allege otherwise. Given these facts, his negotiated seven-year sentence could not have been fundamentally unfair, and the failure to resentence him under Senate Bill No. 567 does not change that fact. *See Cole v. McDonald*, No. CV 10-9742-JVS (PLA), 2012 WL 3029777, at *14 (C.D. Cal. June 12, 2012) (criminal defendant who "has realized the benefit of his bargain by receiving a sentence that was reduced in exchange for his plea . . . may not [later] claim a right to challenge the sentence that he accepted as part of that bargain"; collecting cases), *accepted by* 2012 WL 3030224 (C.D. Cal. July 23, 2012).

---

[5] Petitioner represented himself at the plea hearing. *See Clark I*, Dkt. No. 4 at 10.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than January 3, 2025**, as to why the Petition should not be dismissed with prejudice because it fails to state a cognizable claim for federal habeas relief.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by January 3, 2025, as a concession on his part that the Petition's claim is not cognizable. In that event, the Court will recommend that the Petition dismissed with prejudice for failure to allege a cognizable claim.**

**IT IS SO ORDERED**.

DATED: November 21, 2024

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

8