UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES CLARK,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>GLEN E. PRATT,<br><br>　　　　　　Respondent. | Case No. 2:24-cv-06230-FWS-PD<br><br>**ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE** |

**I.　Pertinent Procedural History and Petitioner's Contention**

　　On July 22, 2024, Petitioner Moses Clark, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  [Dkt. No. 1.]  The Petition states the following ground for relief: Petitioner is entitled to resentencing under Senate Bill No. 567 because the trial court imposed the upper term sentence on the domestic-violence count without finding any aggravating factors to justify it.[1]  [*See Id.* at 6-8.]

---

[1] Petitioner filed a prior federal habeas petition challenging his 2020 state-court conviction and sentence.  *See Clark v. Shirley*, No. CV 20-11167-JVS-PD (C.D. Cal. filed Dec. 8, 2020).  This claim was not ripe when Petitioner filed his first federal habeas petition because Senate Bill No. 567 did not take effect until long after he

On July 26, 2024, the Court advised Petitioner of his obligation to keep the Court apprised of his correct address and the consequences of his failure to do so. *See* Notice of Judge Assignment and Reference to a United States Magistrate Judge [Dkt. No. 4] (advising Petitioner that he is required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution) (citing Local Rule 83-2.4).

On November 21, 2024, the Court issued an Order to Show Cause ("OSC") directed to Petitioner because the face of the Petition suggests that its sole claim for relief is not cognizable on federal habeas review.[2] [Dkt. No. 6.] Petitioner was admonished that his failure to respond to the OSC by January 3, 2025, would be construed as a concession on his part that the sole claim was not cognizable on habeas review and the Court would dismiss the Petition. [Id. at 8.] The Court's OSC was mailed to the address listed on the Petition, which was California Rehabilitation Center, in Norco California. [Id.]

---

filed his first petition and after the Court recommended that it be dismissed with prejudice. *See Brown v. Atchley*, 76 F.4th 862, 865 (9th Cir. 2023) (claim does not become ripe "until the facts that give rise to the constitutional claim first arise").

[2] Because Petitioner's sole ground for relief exclusively concerns California law, it does not appear to be cognizable on federal habeas review. *See Halcrombe v. Hixon*, No. 24-cv-00450-RFL-PR, 2024 WL 1221949, at *1 (N.D. Cal. Mar. 20, 2024) ("Whether Halcrombe is entitled to resentencing under Senate Bill 567 is a question of state law and is not cognizable on federal habeas review."); *Castro v. Johnson*, No. CV 23-03353-AB-RAO, 2023 WL 8143909, at *3 (C.D. Cal. Sept. 29, 2023) (claim that Petitioner was entitled to resentencing under Senate Bill No. 567 and other state-law provisions was not cognizable on federal habeas review), *accepted by* 2024 WL 130149 (C.D. Cal. Jan. 10, 2024).

On December 16, 2024, the Court's OSC was returned from California Rehabilitation Center with a notation "RETURN TO SENDER--Paroled." [Dkt. No. 7.]

According to the California Incarcerated Records & Information Search ("CIRIS"), there are no results indicating that Petitioner is located at any CDCR facility using Petitioner's name and CDCR number.[3] *See* https://cdcr.ca.gov/search (search for "Clark" and "Moses" and Petitioner's CDCR # BP1401) (last searched February 21, 2025.)

To date, Petitioner has not responded to the Court's OSC, provided an updated address, or otherwise communicated with the Court about his case since July 2024. Accordingly, the Petition is now subject to dismissal for Petitioner's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**II. Discussion**

Local Rule 41-6 requires a party representing himself to "keep the Court ... apprised of such party's current address and telephone number, if any, and e-mail address, if any." It allows for dismissal of lawsuits for failure to comply with the rule: "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fourteen (14) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.

Petitioner's failure to keep the Court updated on his mailing address brings this case within the purview of *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute, *see also Link v. Wabash R.R. Co.*, 370 U.S.

---

[3] According to CIRIS, there is an inmate named Moses Demetrius Clark, III, CDCR number BI1208 who was admitted to the custody of the CDCR on December 14, 2018 by Nevada authorities and is incarcerated at Valley State Prison.

3

626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the other party that can be overcome only with an affirmative showing of just cause by the petitioner. *In re Eisen,* 31 F.3d 1447, 1452-53 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his correct address. *See Carey,* 856 F.2d at 1441 (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Arguably, the third factor – prejudice to Respondent – does not counsel in favor of dismissal because no viable pleading exists, and thus Respondent is unaware that a case has been filed. However, the Ninth Circuit has held

4

that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d at 1452-53; *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Petitioner's inaction in this matter is an unreasonable delay, given that the Court has attempted to mail the OSC to Petitioner and has received no communication. In the absence of any explanation, non-frivolous or otherwise, for Petitioner's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the public policy favoring resolution on the merits – ordinarily weighs against dismissal. The fifth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, given the Court's inability to communicate with Petitioner based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED**

DATED: February 25, 2025

_____
Hon. Fred. W. Slaughter
UNITED STATES DISTRICT JUDGE